UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MICHAEL J. ALBERT, SR.,       )
                                          )
       Plaintiff           )
                                          )
       v.                  )       1:14-cv-00440-JCN
                                          )
BENJAMIN J. MURTIFF, et al.,    )
                                          )
       Defendants     )

**DECISION AND ORDER
ON DEFENDANTS' MOTION IN LIMINE (ECF NO. 52)**

Through their motion in limine, Defendants ask the Court to preclude Plaintiff's treating physician, Jacob D. Brooks, D.O., from offering any expert testimony at trial. In support of the motion, Defendants contend Plaintiff failed to designate Dr. Brooks as an expert witness in accordance with Federal Rule of Civil Procedure 26(a)(2) and the Scheduling Order. Plaintiff concedes that due to an oversight, he did not designate Dr. Brooks in accordance with the Scheduling Order.

**Procedural Background**

The Scheduling Order established February 23, 2015, as the deadline for the parties' initial disclosures in accordance with Federal Rule of Civil Procedure 26(a)(1); April 23, 2015, as the deadline for Plaintiff to designate his expert witnesses, including treating physicians and other non-retained or specially employed experts; and June 29, 2015, as the deadline for the parties to complete discovery. (ECF No. 8.) Plaintiff identified Dr. Brooks as a potential witness in his initial disclosure,[1] and in June 2015, provided Plaintiff with Dr. Brooks's records, Dr. Brooks's

---

[1] Defendants represent they did not receive the initial disclosure, which is dated March 13, 2015, and were not aware of its existence until the final pretrial conference on February 24, 2016. Defendants, however, do not challenge the assertion of Plaintiff's counsel that he forwarded it to Defendants' counsel.

curriculum vitae, and a March 12, 2015, letter report authored by Dr. Brooks.  Plaintiff did not provide Defendants with additional information after June 1, 2015.

## Discussion

When a party fails to provide information regarding a witness as required by Federal Rule of Civil Procedure 26(a), the party is not permitted to present the information at trial unless the failure to provide the information was substantially justified or was harmless.  Fed. R. Civ. P. 37(c)(1); *Downeast Ventures, Ltd. v. Washington County*, 450 F. Supp. 2d 106, 111 (D. Me. 2006). In this case, while the Court can appreciate the many demands of the practice of law, had Plaintiff missed the expert witness designation deadline of April 13, 2015, and failed to provide any additional information regarding Dr. Brooks's potential testimony, the failure to designate Dr. Brooks before the filing of the pretrial memorandum would not have been substantially justified nor harmless.

Plaintiff, however, by letter dated June 1, 2015, provided Defendants with Dr. Brooks's curriculum vitae, Plaintiff's pertinent medical records, and a letter report from Dr. Brooks.  At the time, the discovery deadline had not expired and trial was not anticipated for five months. Although Plaintiff did not seek an enlargement of the deadline to designate expert witnesses, the Court considers the late designation in June to be harmless insofar as through the information provided in June, Defendants were on notice that Dr. Brooks might be a witness at trial.[2]  Indeed, the inclusion of Dr. Brooks's curriculum vitae suggests Plaintiff intended to call Dr. Brooks as a witness at trial.  Dr. Brooks thus will not be precluded from testifying in accordance with his March 12, 2015, letter report, which Plaintiff provided to Defendants by letter dated June 1, 2015.

---

[2] While Defendants are not required to speculate as to Plaintiff's intentions, the Court notes that when the additional information was provided in June, Defendants had sufficient time before trial to seek clarification of Plaintiff's intentions regarding Dr. Brooks's testimony, and/or to depose Dr. Brooks and, with leave of court, to designate their own expert, if they so desired.

The Court understands, however, that perhaps the principal focus of Defendants' motion is Defendants' request to preclude Dr. Brooks from testifying that the injury for which he performed surgery and treated Plaintiff is causally related to the incident that is the subject of this action. A fair review of Dr. Brooks's letter report reveals that Dr. Brooks did not, at least at the time of the report (March 12), have sufficient information to relate the injury and surgery to the incident. Significantly, Plaintiff did not subsequently provide Defendants with a supplemental report or otherwise amend Dr. Brooks's anticipated testimony. Defendants, therefore, reasonably understood that Dr. Brooks could not testify as to causation, and they developed their litigation and trial strategy accordingly. Under the circumstances, to permit Dr. Brooks to testify as to causation would be fundamentally unfair to Defendants.[3]

## Conclusion

Based on the foregoing analysis, the Court grants in part and denies in part Defendants' motion in limine. Plaintiff may present Dr. Brooks to testify in accordance with his March 12, 2015, letter report.[4] Plaintiff may not present Dr. Brooks to testify that the injury for which he treated Plaintiff and performed surgery is causally related to the incident that is the subject of this action.

Dated this 16th day of May, 2016.                    /s/ John C. Nivison
                                                     U. S. Magistrate Judge

---

[3] The Court's exclusion of any causation testimony from Dr. Brooks should not be construed as a determination that Plaintiff cannot seek to recover damages related to his shoulder injury, including certain treatment for the injury. The extent to which Plaintiff can recover for a particular injury and treatment without expert testimony on causation will be governed by whether the "causal relationship between [Defendant's] conduct and [Plaintiff's] medical conditions draws on sophisticated science 'beyond the ken of the average juror.'" *Darney v. Dragon Prod. Co., LLC*, 640 F. Supp. 2d 117, 123 (D. Me. 2009) (quoting *Tolliver v. Dep't of Transp.*, 948 A.2d 1223, 1236 (Me. 2008)).

[4] The issue generated by the motion in limine is whether Plaintiff provided sufficient notice of Dr. Brooks's expected testimony. The Court is uncertain whether Plaintiff intends to offer Dr. Brooks to testify on any other issues. In the event Plaintiff intends to present Dr. Brooks to testify regarding any matters included in the March 12 letter report, the Court makes no determination at this stage as to the foundation for or relevance of any of Dr. Brooks's opinions or observations included in the March 12 letter report. Any remaining issues regarding the scope of Dr. Brooks's testimony would be decided at trial.