UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHAEL J. ALBERT, SR., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:14-cv-00440-JCN |
| | ) | |
| BENJAMIN J. MURTIFF, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR TRANSCRIPT[1]**

On September 20, 2016, Plaintiff filed a notice of appeal from the judgment entered against him following a jury trial. (ECF No. 94.) The matter is before the Court on Plaintiff's motion for a transcript of the trial at government expense. (ECF No. 105.)

Plaintiff's request is governed by 28 U.S.C. § 753(f), which provides in relevant part:

> Fees for transcripts furnished in other proceedings [such as civil rights proceedings] to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).

*See Barcelo v. Brown*, 655 F.2d 458, 462 (1st Cir. 1981) (statute provides for government payment of transcript on appeal only "if trial judge or circuit judge certifies that the appeal is not frivolous (but presents a substantial question)" (quoting 28 U.S.C. § 753(f)).

In his notice of appeal, Plaintiff describes in some detail the circumstances underlying his claim. Plaintiff in part appears to contend that the weight of the evidence does not support the jury's verdict. Plaintiff's weight of the evidence argument would not support an order authorizing the preparation of the transcript at government expense.

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to have United States Magistrate Judge John C. Nivison conduct all proceedings in this case, including trial, and to order entry of judgment.

Plaintiff, however, also maintains that newly discovered evidence, i.e., the testimony of a witness to the events that are the subject of Plaintiff's complaint, requires a new trial. Plaintiff raised the newly-discovered evidence in his motion for new trial (ECF No. 88), which motion the Court denied. (ECF No. 91.) To establish he is entitled to a new trial based on newly discovered evidence, Plaintiff must demonstrate that (1) the evidence was discovered after the trial; (2) the evidence could not by due diligence have been discovered earlier; (3) the evidence is not merely cumulative or impeaching; and (4) the evidence would probably change the result if a new trial were held. *Acosta-Mestre v. Hilton Int'l of Puerto Rico, Inc.*, 156 F.3d 49, 56 (1st Cir. 1998).

When the Court denied Plaintiff's motion for new trial, the Court wrote:

> Plaintiff was clearly aware before trial that Mr. Harris [the witness] was present during the arrest, and could potentially have relevant information. In this way, his testimony does not constitute evidence discovered after trial. Even if the Court considers the testimony to be evidence that was discovered after trial, the Court is not convinced that the evidence could not have been discovered earlier. The record lacks any evidence to suggest that Mr. Harris was unavailable during the nearly four years between the incident and trial. Indeed, the fact that Plaintiff located Mr. Harris shortly after the trial suggests Mr. Harris was available and could have been found before trial. In addition, although Mr. Harris's proffered testimony might have supported Plaintiff's version of the incident, the Court is not persuaded based on the evidence at trial that Mr. Harris's testimony would change the result of the trial. Plaintiff, therefore, has not demonstrated that he is entitled to a new trial.

(Memorandum of Decision at 4, ECF No. 91.) Upon review of Plaintiff's notice of appeal and motion for transcript, the Court remains convinced that its analysis of Plaintiff's motion for new trial is sound. Nevertheless, the Court recognizes that in the event the appellate court concluded that the testimony of the witness could possibly be considered newly-discovered evidence, without the transcript, Plaintiff would be foreclosed from a realistic attempt to convince the appellate court that the testimony of the witness probably would have produced a different result at trial. Under the circumstances, because Plaintiff maintain that the witness was not presented at trial because Plaintiff could not locate him prior to trial,

the Court will authorize the production of the transcript in connection with Plaintiff's appeal.

The Court thus grants Plaintiff's motion for transcript.

/s/ John C. Nivison<br>U.S. Magistrate Judge

Dated this 28th day of November, 2016.